IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT LONGO AND MARYANN LONGO, Husband and Wife, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO.  3:12-cv-02445 |
| v. | : : : | (Judge Brann) |
| HANGER PROSTHETICS & ORTHOTICS, INC., | : : : : | |
| Defendant. | : | |

**MEMORANDUM**
March 3, 2015

**I. PROCEDURAL BACKGROUND**

On November 16, 2012, Plaintiffs Robert and Maryann Longo filed a Complaint (ECF No. 1-1) against Defendant Hanger Prosthetics and Orthotics, Inc. (hereinafter "Hanger"), asserting causes of action based on negligence and breach of warranty. After engaging in discovery through June 25, 2014, a deadline extended twice by this Court, Defendant filed a Motion for Summary Judgment (ECF No. 19) on August 25, 2014.  Plaintiffs filed their brief in opposition to that motion on September 23, 2014, and Defendant filed its reply on October 7, 2014. On November 24, 2014, Plaintiffs filed a Motion to Continue or Defer

1

Consideration of Defendant's Motion for Summary Judgment (ECF No. 26) so that they could obtain the deposition of Christopher Gizzi, the Chief Operating Officer of American Orthopedics Manufacturing Corporation, formerly known as American Shoe. Then, on January 13, 2015, Defendant moved for Leave to File a Supplemental Brief in Further Support of its Motion for Summary Judgment (ECF No. 32). These matters have now been fully briefed and are ready for disposition.

In accordance with the following reasoning, Plaintiffs' Motion to Continue or Defer Consideration of Defendant's Motion for Summary Judgment is denied. Defendant's Motion to File a Supplemental Brief in Further Support of its Motion for Summary Judgment is denied.

## II. DISCUSSION

### A. Motion to Continue

In their motion, Plaintiffs argue that this Court should defer consideration of Hanger's Motion for Summary Judgment in order to give them time to take the deposition of Christopher Gizzi and thereby obtain relevant information necessary to contest Defendant's motion. They contend that Hanger first raised in its summary judgment motion the assertion that another company, American Shoe, rather than itself, installed the rivets on the Mr. Longo's ankle foot orthotic custom-molded shoe (hereinafter the "AFO Boot") which Mr. Longo claims caused his injury. Until then, Plaintiffs claim they were unaware of the nature of

Defendant's argument and therefore they had not had an opportunity to take the depositions of relevant witnesses at American Shoe.  After Defendant filed its summary judgment motion, Plaintiffs contacted Mr. Gizzi, the Chief Operating Officer at American Shoe, and obtained from him relevant and necessary information which will defeat Hanger's assertions of liability.  They were unable to obtain a declaration from Mr. Gizzi, and therefore are seeking, pursuant to Federal Rule of Civil Procedure 56(d), to defer consideration of Defendant's summary judgment motion and reopen discovery so that they can take his deposition.

Federal Rule of Civil Procedure 56(d) states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  Interpreting this rule and its predecessor, Rule 56(f), the United States Court of Appeals for the Third Circuit has held that such a request must contain three things: first, an affidavit specifying what particular information is sought; second, how, if uncovered, it would preclude summary judgment; and third, why it has not been previously obtained. *See Dowling v. City of Philadelphia*, 855 F.2d 136, 140-41 (3d Cir. 1988).

In the case where relevant information was not timely pursued, the party seeking additional discovery must adequately explain the lack of diligence. *See*

*Fenter v. Kraft Foods Global, Inc.*, Civil Action No. 11-4916, 2012 WL 5586327 at * 4 (E.D.Pa. Nov. 14, 2012). "Although Rule 56(d) does not specify a time limit for filing a request for additional discovery time, courts generally agree that . . . the request should precede or accompany the response to the summary judgment motion." James Wm. Moore *et a.l.*, *Moore's Federal Practice*, § 56.101[3]; *see also In re Northwestern Mut. Life Ins. Co. Sales Practices Litig.*, 70 F.Supp.2d 466, 482 (D.N.J. 1999) (holding that a motion for additional time that was filed several weeks after opposing papers is untimely because such a motion should be filed at the same time as papers opposing summary judgment).

In this case, Plaintiffs filed their brief in opposition to Defendant's Motion for Summary Judgment on September 23, 2014. Two months later, they filed the instant motion to defer consideration of Defendant's motion based on the introduction for the first time of seemingly important and as yet undiscovered information in Defendant's motion. Plaintiffs have provided no sufficient explanation as to why it took them two months after the discovery of the possibility of relevant information to file this request. Consequently, their current motion to defer must be denied because it should have been filed at the same time as their papers opposing summary judgment, and, in any event, fails to adequately explain their lack of diligence in the timely filing of their opposition papers.

**B. Motion for Leave to File a Supplemental Brief**

Defendant has filed a motion in which it purportedly seeks to supplement its brief in support of its motion for summary judgment or, in the alternative to preclude Plaintiffs from introducing any expert testimony or reports by Mr. Longo's treating physicians at trial via a motion in *limine*. Defendant argues that Plaintiffs have failed to abide by Federal Rule of Civil Procedure 26(a) in that they have not disclosed the identity of their expert witnesses and have not provided any written expert reports as to what those experts are expected to testify. Plaintiffs contest this request for preclusion on the basis that treating physicians are not required to provide expert reports under Rule 26 if they form their opinion on causation or prognosis as part of the ordinary care of a patient.

Under Rule 26(a)(2)(A), a party must disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). Witnesses who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must provide the opposing party with reports for the experts they expect to testify. Fed. R. Civ. P. 26(a)(2)(B). If a party is not required to produce an expert report for one of their experts, they must state in their disclosure pursuant to 26(a)(2)(A) the subject matter on which the witness is expected to present evidence and a

summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

*Pease v. Lycoming Engines* dealt with a similar issue and factual scenario to the one currently before this Court. *See Pease v. Lycoming Engines*, Civil Action No. 4:10-CV-00843, 2012 WL 162551 (M.D.Pa. Jan. 19, 2012) (Conner, J.). In that case, the defendant sought to preclude testimony of the plaintiff's treating physicians on the basis that the plaintiffs had never disclosed any of their treating physicians as experts. *Id.* at *12. The plaintiffs averred that those treating physicians were not experts under Federal Rule of Evidence 702 and that they were therefore not required to disclose them or provide expert reports. *Id.*; Fed. R. Evid. 702 (defining an expert as "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education").

Judge Christopher C. Conner held first that "the treating physicians' testimony on prognosis and causation will inherently be based on scientific, technical, or other specialized knowledge within the scope of Rule 702;" thus designating those treating physicians as experts within the meaning of Rule 26(a)(2)(A). *Id.* (citing *Garza v. Roger Henson Trucking, L.L.C.*, No. 7:05-CV-5001, 2006 WL 1134911, *3 (D.Neb. Apr. 26, 2006) (noting that "expert testimony includes opinions based on scientific, technical, or other specialized knowledge, regardless of whether those opinions were formed during the scope of

interaction with a party prior to the litigation."). He further acknowledged that the Third Circuit generally does not require treating physicians to submit expert reports when testifying "based on their examination, diagnosis and treatment of a patient." *Id.* at \*13 (citing *Mracek v. Bryn Mawr Hosp.*, 610 F.Supp.2d 401, 406 (E.D.Pa. 2009). Moreover, he rejected the contention that any expert who provides testimony on prognosis or causation must product an expert report, stating:

> The plain language of Rule 26(a)(2)(A) explicitly limits the expert report requirement to individuals "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." A treating physician is not necessarily retained or specially employed to provide expert testimony simply because he or she proffers on causation and prognosis. This conclusion is bolstered "by the obvious fact that doctors may need to determine the cause of an injury in order to treat it."

*Id.* (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007).

Consequently, Judge Conner determined that the treating physicians need not provide expert reports pursuant to Rule 26(a)(2)(B). *See id.* However, he did ultimately conclude that the plaintiffs must abide by Rule 26(a)(2)(C) and provide the Defendant with information relating to the subject matter of those witnesses' testimony. *See id.* at \*14.

The Court finds the holding and reasoning of *Pease* persuasive. Specifically, Plaintiffs initially provided to Defendant the name of eleven (11) treating physicians which would testify to various issues including prognosis and causation, medical procedures taken, and rehabilitation following amputation.

When Defendant requested a list of experts, Plaintiffs intimated that three of those eleven would be designated as expert witnesses, but subsequently failed to provide the identities of those three witnesses.  As in *Pease*, these treating physicians do fall under the rubric of expert witnesses; however, because they are not retained or specially employed to provide expert testimony, Plaintiffs are not required to provide expert reports for their testimony pursuant to Rule 26(a)(2)(B).  Nevertheless, Plaintiffs should have provided Defendant with the specific identities of the experts that they are planning to utilize as experts, as well as summaries necessitated under Rule 26(a)(2)(C).

      Similarly to *Pease*, despite Plaintiffs' failures to comply with Rules 26(a)(2)(A) and (C), this Court will not exclude the testimony of these witnesses.  Hanger is not significantly prejudiced because it had knowledge that Plaintiffs were planning to use at least some of the treating physicians as witnesses when they provided Hanger with their initial disclosures.  Any potential prejudice can be mitigated by requiring Plaintiff to disclose which treating physicians he plans to employ as expert witnesses as well as the subject matter of their testimony and a summary of the facts and opinions to which those witnesses are expected to testify.  Consequently, Defendant's Motion to File a Supplemental Brief or, alternatively, its Motion in *Limine*, is denied.

## III. CONCLUSION

In accordance with the foregoing reasoning, Plaintiff's Motion to Continue or Defer Consideration of Defendant's Motion for Summary Judgment is denied. Defendant's Motion to File a Supplemental Brief in Further Support of its Motion for Summary Judgment is also denied. Plaintiffs will have fourteen days from the entry of this Memorandum and Order to apprise Defendant of the specific identities of the treating physicians they expect to testify at trial, as well as the subject matter of that expert testimony and a summary of the facts and opinions to which those witnesses are expected to testify pursuant to Rule 26(a)(2)(C).

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge